UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARA COOPER,

        Plaintiff,

v.

GEICO ADVANTAGE INSURANCE COMPANY,

        Defendant.

C22-0937 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    The motion for summary judgment, docket no. 11, filed by defendant GEICO Advantage Insurance Company ("GEICO") is DENIED. Under Washington law, an insured who "'substantially and materially' breaches a cooperation clause [in an insurance contract] is contractually barred from bringing suit under the policy if the insurer can show it has been actually prejudiced." *Staples v. Allstate Ins. Co.*, 176 Wn.2d 404, 410, 295 P.3d 201 (2013). To prevail on the affirmative defense of noncooperation, GEICO must show that (i) "[Plaintiff] failed to 'substantially comply' with the terms of the cooperation clause [in her insurance policy]," (ii) "the information at issue was material to the circumstances giving rise to [its] liability, and (iii) "[it] suffered actual prejudice as a result." *See Wilson v. GEICO Indem. Co.*, No. C18-226, 2018 WL 3869436, at *3 (W.D. Wash. Aug. 15, 2018). GEICO argues that Plaintiff substantially and materially breached the cooperation clause in her policy by refusing to attend an independent medical examination ("IME"). Plaintiff's insurance policy provides that "[t]he injured person shall submit to examination by doctors of [GEICO's] choice. Such examinations will be at [GEICO's] expense and as often as [GEICO] may reasonably ask." Ex. A to Gage Decl. (docket no. 12-1 at 16). Although GEICO argues that Plaintiff

MINUTE ORDER - 1

has "refused" to attend an IME, the record shows that Plaintiff agreed to attend an examination on April 28, 2022.  Birkenbuel Decl. at ¶ 7 (docket no. 16-8).  On April 22, 2022, Advanced Medical Group ("AMG"), the organization GEICO retained to perform the examination, notified Plaintiff's Counsel that its doctor was no longer available for an examination on the agreed upon date.  *Id.* at ¶ 8.  In response, Plaintiff's Counsel asked if AMG could find another provider to perform the examination on April 28, 2022.  *Id.*  Plaintiff's Counsel did not receive any further response from AMG regarding the rescheduling of Plaintiff's examination.  *See id.*  GEICO also contends that Plaintiff breached the cooperation clause of her insurance policy by failing to provide to GEICO her medical records for the five years prior to the automobile accident.  *See* Ex. I to Gage Decl. (docket no. 12-1 at 91–92).  Plaintiff's policy, however, does not explicitly require Plaintiff to provide her prior medical records, *see* Ex. A to Gage Decl. (docket no. 12-1 at 16), and GEICO does not dispute that Plaintiff provided over 600 pages of medical records in support of her underinsured motorist claim.  *See* Barker Decl. at ¶ 4 (docket no. 16-7).  Thus, the Court concludes that a genuine dispute of material fact exists as to whether Plaintiff substantially complied with the terms of her insurance policy.[1]  *See* Fed. R. Civ. P. 56(a).

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of November, 2022.

>                    Ravi Subramanian
>                    Clerk
>
>                    s/Laurie Cuaresma
>                    Deputy Clerk

---

[1] Because the Court finds a genuine factual dispute regarding Plaintiff's compliance, it does not address the issues of materiality and prejudice.

MINUTE ORDER - 2